MAYER v. UNITED STATES.
No. 47980.

United States Court of Claims.
Oct. 6, 1953.

Monte Appel, Washington, D. C., Blair, Korner, Doyle & Appel, Washington, D. C., on the brief, for plaintiff.

Joseph H. Sheppard, Washington, D. C., Charles S. Lyons, Acting Asst. Atty. Gen., Andrew D. Sharpe, Washington, D. C., on the brief, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

LITTLETON, Judge.

Plaintiff seeks to recover income taxes in the amount of $8,386.23, alleged to have been overpaid for 1941, on the ground that he was entitled to deduct from his gross income for that year, either as a war loss under section 127 of the Internal Revenue Code, Title 26 U.S. C. (1946 Ed.), or as a casualty loss under section 23(e) (3) of the Internal Revenue Code, Title 26 U.S.C. (1946 Ed.), the value of certain personal property which he claims he owned, but which remained in Germany and Czechoslovakia when he came to the United States in 1939. This property, for the loss of which the deduction is here claimed, consisted of house furnishings in storage in Czechoslovakia, stocks and bonds held by banks in Czechoslovakia and Germany, and deposits of money in banks in both of those countries. Plaintiff did not recover any of this property.

On April 7, 1953, we entered findings of fact and rendered an opinion denying recovery on the grounds (1) that plaintiff failed on the merits to satisfy the requirements of section 127;. (2) that plaintiff could not sustain his right to recover in this court under section 23(e) (3) because of his failure to allege recovery under that section in his claim for refund filed with the Commissioner of Internal Revenue; and (3) that plaintiff had not submitted sufficient proof to prove the value of the property claimed as a loss.

Plaintiff has moved to set aside that decision in so far as it held that plaintiff's claim for refund filed with the Bureau on September 23, 1942, was not a claim for refund under section 23(e) (3), and for amended findings of fact.

As to the claim for refund plaintiff argues that his original claim was based solely on section 23 and that in it he did not urge recovery before the Bureau on the basis of section 127. In support of this contention he relies on a stipulation, read into the record at the hearing before the Commissioner of this court, which sets forth a verbatim account of the allegations contained in his claim for refund filed on September 23, 1942. Plaintiff urges that this shows that no recovery was sought under section 127, but that while no specific mention of section 23 was made, the claim did refer to the losses as "casualty losses."

Plaintiff further argues that it was in fact impossible for refund to have been based on section 127, since that provision did not become effective as a part of the Internal Revenue Code until the approval of the Revenue Act of 1942 on October 21, 1942, which was approximately one month subsequent to the filing of the

original claim for refund. These two factors, the plaintiff points out, were sufficient to place the Bureau on notice that a refund was sought under section 23(e) (3) of the Internal Revenue Code. The plaintiff so urges despite the fact that his petition in this suit predicated recovery entirely under section 127 of the code.

The claim for refund, the notice of disallowance, and plaintiff's notice of protest, relating to such disallowance, were not presented in evidence largely because the defendant stated at the beginning of the hearing before the Commissioner of this court that it would raise no objection as to the sufficiency of the claim for refund. It must be noted, however, that at that stage of the proceedings the plaintiff was seeking recovery only on the basis of section 127, as alleged in his petition in this court. It was not until after the hearing before the Commissioner and the filing of the Commissioner's report, and after the filing of both parties' original briefs that the plaintiff in a reply brief first raised the issue of the applicability of section 23(e) (3). Defendant, in argument and in a supplemental brief filed after oral argument before the court, contended that plaintiff could not recover under section 23 for the losses claimed because he had asserted a right of recovery before the Bureau for the loss claimed in this court, and even if he could recovery is precluded because the type of loss sustained did not come within the term "or other casualty" referred to in section 23(e) (3).

The facts are sufficiently set forth in the findings and opinion of April 7, 1953, and for the consideration of this motion no detailed account of them need be repeated.

■ On the basis of the plaintiff's contentions which are now made for the first time, we hold that the September 23, 1942, claim for refund was sufficient to apprise the Bureau of the fact that plaintiff was seeking a refund on the basis of a casualty loss under section 23 (e) (3), thus enabling the plaintiff to bring his action in this court under that section in so far as the loss of the property described in the September 23 claim is concerned.

In connection with the contents of the claim for refund of September 23, 1942, it must be further noted that the only property alleged in that claim to have been lost consisted of a model farm together with its equipment in Germany and certain house furnishings which had been stored in Czechoslovakia.

On July 25, 1944, plaintiff filed a protest with the Commissioner of Internal Revenue against the rejection by the Internal Revenue Agent in Charge of the claim for refund of September 23, 1942. In this protest, plaintiff included the additional items of property alleged in his petition in this court to have been lost, which included the bank deposits and securities in Germany and Czechoslovakia. In paragraph 13 of the petition, plaintiff states that the claim for refund of September 23 was based solely on the loss of the farm and house furnishings. This paragraph of the petition further states that the claim for refund was later "supplemented, modified and broadened" to include the additional items alleged in the petition to have been lost. The contents of this protest of July 25, 1944, supplementing the original claim of September 23, 1942, were not placed in evidence. In these circumstances we are unable to determine whether the plaintiff's supplemental claims before the Bureau in respect to the loss of the securities and bank deposits were claims under section 23(e) (3) or section 127. The record is silent as to the full contents of this protest which appears to have been an amended or supplemental claim for refund.

■ The claim in regard to the farm and its equipment, although contained in the petition, was specifically withdrawn by plaintiff. As to the house furnishings in Czechoslovakia, the plaintiff is entitled to assert here a claim for the loss of that property under section 23(e) (3). The opinion of April 7, 1953, in so far as it

held otherwise, is therefore modified. As to the bank deposits and securities, plaintiff may not now rely on section 23 since the record fails to disclose whether his supplemental amended claim for refund asserted that particular section as a basis for a refund for the alleged loss of those particular items. The decision of April 7, 1953, in so far as it dealt with the bank deposits and securities, therefore, remains unchanged.

�as The next question is whether plaintiff on the merits has satisfied the requirements of 23(e) (3) in respect to the loss of the house furnishings. We have held that this loss occurred for all practical purposes on November 25, 1941, under the decree of the German Government by which all property in German controlled territories belonging to Germans of Jewish descent, who had left Germany with no intention of returning, was forfeited to the Reich. Section 23 (e) (3) permits deductions for the loss "of property not connected with the trade or business, if the loss arises from fires, storms, shipwreck, or other casualty, or from theft." Plaintiff urges that the decree referred to above resulted in a loss within the meaning of the term "or other casualty." To recover under this section, the taxpayer must prove the value of the property lost in order that the amount deductible may be satisfactorily determined. That amount is to be the lesser of the two figures: (1) The sustained loss which is the value of the property just before the casualty, or (2) the adjusted basis for determining a loss upon a sale of the property. Helvering v. Owens, 305 U.S. 468, 471, 59 S.Ct. 260, 83 L.Ed. 292.

■■ In our opinion the type of loss here claimed is not within the meaning of the term "or other casualty" as used in section 23(e) (3), but we need not therefore rest our conclusion alone on a determination of that question since the plaintiff has failed in this case to prove the value of the house furnishings at the time of the alleged loss or the cost of the furnishings, which would be the adjusted basis for nonbusiness property. See Finding 12.

We have carefully considered plaintiff's motion, for amendment of the findings as to the value of the properties alleged to have been lost, in the light of a further study of the record and find no sufficient basis for a change in the findings of fact heretofore made.

The plaintiff's motion is, therefore, denied. It is so ordered.

JONES, Chief Judge, and MADDEN and WHITAKER, Judges, concur.